UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

       -against-                     14 CR 105 (MKB)


RICARDO ESTRADA-TEPAL,
               Defendant.

----------------------------------------------------------X




DEFENDANT'S SENTENCING MEMORANDUM




JOHN S. WALLENSTEIN, ESQ.
Attorney for Defendant
1100 Franklin Avenue
Garden City, New York 11530
(516) 742-5600
Fax: (516) 742-5040
Email:JSWallensteinEsq@outlook.com

1

On behalf of Ricardo Estrada-Tepal, we respectfully submit this sentencing memorandum to address the key question before the Court: what sentence will be sufficient, but not greater than necessary, to meet the goals of the Sentencing Reform Act? For the reasons demonstrated herein, we respectfully submit that the answer to the question is a sentence of 15 years, the mandatory minimum sentence, as incarceration beyond that period is "greater than necessary" to achieve the goals of sentencing in this case.

## STATEMENT OF THE CASE

Mr. Estrada-Tepal was arrested on January 30, 2014, and charged along with his brothers with Conspiracy to Engage in Sex Trafficking, 18 U.S.C. §1594(c), and Sex Trafficking, 18 U.S.C. § 1591(a), and related charges. The Indictment contained 14 counts, all related to the Estrada brothers' activities in bringing young women from Mexico to the United States for the purpose of having them engage in prostitution. The facts of the case are set out in the PSR, and need not be repeated here. Mr. Estrada-Tepal entered a guilty plea to 2 counts of the 14 count Indictment before Magistrate Judge Levy, and he is now before this Court for sentencing.

## THE SENTENCING FRAMEWORK

As the Supreme Court reaffirmed in *Pepper v. United States*, 131 S. Ct. 1229 (2011), the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 1239-40 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). That process is embodied in the advisory sentencing system instituted by the Supreme Court's decision in *United States*

*v. Booker*, 543 U.S. 220(2005), which "breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them." *United States v. Jones*, 531 F.3d 163, 170-71 (2d Cir. 2008) (district court must make an "individualized assessment" of the sentence warranted by § 3553(a) "based on the facts presented" and "may not presume that the Guidelines range is reasonable") (quoting *Gall v. United States,* 552 U.S. 38, 50 (2007)); see also *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (en banc) ("A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime"). The deference granted a district court's determination springs from its "singular advantage of actual and extensive sentencing experience," as well as its familiarity with the individual case and the individual defendant before it. *Jones,* 531 F.3d at 181-82 (citations omitted).

The Guidelines provide "the starting point and the initial benchmark" for the district court, but they do not usurp the district court judge's "superior position to find facts and judge their import under § 3553(a)." *Gall*, 552 U.S. at 49, 51. Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing. 18 U.S.C. § 3553(a).

In order to properly determine what that "sufficient" sentence is, the courts are instructed to consider the factors prescribed by Congress in §3553(a). Those factors include

1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

2)      the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford general and specific deterrence; to provide needed training or treatment;

3)      the kinds of sentences available;

4)      the sentencing guidelines;

5)      the need to avoid unwarranted sentencing disparities; and

6)      the need for restitution.

## SENTENCING FACTORS

The factors set forth in 18 U.S.C. §3553(a) are clear, and must be applied by the Court.

The nature and circumstances of the offense are important, but not the overriding factor for the Court's consideration. While the PSR sets out the facts, we respectfully suggest that the Court must read those paragraphs while giving consideration to the background of the defendant, and consider the facts in the context of rural Mexico, not simply New York. Customs and mores are quite different there, as the Court knows, and prostitution, even among underage women, is rampant. This is not to condone or encourage such activity, nor to make excuses for what the defendant has done, but the Court must consider Mr. Estrada-Tepal's background and history when fashioning an appropriate sentence, and the situation extant in the rural village where he was raised is important to consider in that respect.

Among the factors the Court must consider, the defendant's own history and characteristics are quite important. He is a very simple man, totally uneducated. He attended school in Mexico as a very young child for only a few days, and can barely read or write, even in Spanish. He speaks only a few words of English. While the PSR was translated into Spanish for him to read, he was not able to comprehend it, and instead it was read to him and explained to him by counsel and a bilingual paralegal.

As the PSR accurately reports, Mr. Estrada-Tepal was raised by his mother and an alcoholic father, who rarely worked to support the family. Instead, the mother helped support her eight children by selling tortillas. After only two days of school, he left because he was the object of ridicule by other

4

children. He impresses as a very simple, emotional person, easily led by his more aggressive brothers. He was clearly a follower in this family scheme, and essentially involved with only one woman, who he considered his wife and with whom he has a child.  When he arrived in New York, after an arduous journey, he sought and found employment performing menial tasks in a small restaurant. He worked as a delivery person and a dishwasher, and became involved in this situation when money was a serious issue, as the PSR explains.

None of this excuses the defendant's crimes, but certainly his impoverished background and lack of education or skills helps to explain why he would become involved in something that would help support his family, especially when he is such an impressionable person, following his brothers' lead.

We recognize the Court's obligation to fashion a sentence which will punish the defendant while promoting respect for the law and affording both general and specific deterrence. The balance can be achieved by a sentence of incarceration (mandatory in this case) to the minimum provided by law, 15 years. That is a significant period of incarceration, a severe punishment by any standard. It is respectfully suggested that anything greater than the 15 year mandatory minimum would be greater than necessary to achieve the purposes of sentencing as set forth in § 3553(a). For a person of Ricardo Estrada-Tepal's age and background, 15 years in a federal prison is a lifetime, especially since he is ineligible for many of the programs that the Bureau of Prisons offers, as a result of his crime and his status in this country.

Such a sentence will obviously serve to deter this defendant from committing future crimes, but it will also send the message that this conduct will be treated severely, and thus achieve general deterrence of others as well.

## **CONCLUSION**

Taking into consideration all of the factors of 18 U.S.C.§ 3553(a), and applying those factors to the defendant's unique circumstances, it is respectfully submitted that a sentence to the mandatory minimum of 15 years will be sufficient, but not greater than necessary, to serve the ends of justice and the goals of sentencing.

DATED:    GARDEN CITY, NEW YORK
           September 8, 2015

                                  Respectfully submitted,

                                  JOHN S. WALLENSTEIN